**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARACELY ESCALANTE AYALA; SAUL ANTONIO BONILLA ESCALANTE; BRYAN ERNESTO BONILLA ESCALANTE,<br><br>        Petitioners,<br><br>    v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>        Respondent. | No.    18-73510<br><br>Agency Nos.    A208-927-302<br>            A208-927-303<br>            A208-927-304<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 18, 2023[**]

Before:    GRABER, PAEZ, and NGUYEN, Circuit Judges.

Aracely Escalante Ayala and her two children, natives and citizens of El

Salvador, petition pro se for review of the Board of Immigration Appeals' order

dismissing their appeal from an immigration judge's decision denying their

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

application for asylum, and denying Escalante Ayala's applications for withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, including the agency's determination that the serious nonpolitical crime bar applies. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020); *Go v. Holder*, 640 F.3d 1047, 1052 (9th Cir. 2011). We deny the petition for review.

Substantial evidence supports the agency's determination that there were serious reasons to believe Escalante Ayala committed a serious nonpolitical crime. *See Go*, 640 F.3d at 1052-53 (drug trafficking is presumptively a serious nonpolitical crime, and hearing testimony was sufficient to establish serious reasons for believing commission of the offense). Thus, petitioners' asylum claim, and Escalante Ayala's withholding of removal claim, fail.

Substantial evidence also supports the agency's denial of CAT protection because Escalante Ayala failed to show it is more likely than not she will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *see also Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014) ("torture must be 'inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity'") (internal citation omitted).

18-73510

We reject as unsupported by the record Escalante Ayala's contention that the agency ignored evidence or otherwise erred in the analysis of her claims.

**PETITION FOR REVIEW DENIED.**